```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROBERT MITCHELL, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil No. 11-1664 (JBS/JS) |
| v. | |
| TOWNSHIP OF WILLINGBORO MUNCIPALITY GOVERNMENT, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Robert Mitchell, <u>Pro Se</u>
1512 S. 58th Street
Apt. 2
Philadelphia, PA 19143

**SIMANDLE**, District Judge:

## I. INTRODUCTION

Plaintiff Robert Mitchell, proceeding without a lawyer, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915, attempting to assert claims for deprivation of constitutional rights under 42 U.S.C. § 1983 against the following Defendants in both their individual and official capacities, as relevant: the Township of Willingboro, the Township of Willingboro Police Department, the Township Manager (who is unnamed in the caption but identified in the Complaint as Joanne

Jennings), the Township Director of Public Safety (who is unnamed in the caption but identified in the Complaint as Gregory Rucker), the Township Police Captain (who is unnamed in the caption but identified in the Complaint as Donna C. Demetri), and the Township Police Officer involved in the stop (who is unnamed in the caption but identified in the Complaint as Officer Jeffrey Perez), alleging violations of his constitutional rights.  Most of Plaintiff's Complaint fails to state a claim upon which relief can be granted, and so the Court will dismiss those portions without prejudice to refiling an amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).  Since the Complaint does state a Fourth Amendment claim against Officer Perez sufficient to survive this initial screening, the Court will order the Complaint to be served upon Officer Perez.

II.  **FACTUAL BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review:

Plaintiff filed this action based on a police stop of his vehicle that resulted in his arrest because of outstanding warrants against him.  Plaintiff claims that the officer stopping his vehicle lacked reasonable suspicion for the stop, and that he was stopped because of

racial profiling, describing himself as a "Black Afro-American Male Citizen."  Compl. 6B.

Specifically, Plaintiff alleges that on July 3, 2010 he was driving in the Township of Willingboro with his son and son's girlfriend.  Id. at 6C.  They were in a green 1993 Honda Accord owned by Plaintiff's wife.  Id.  Plaintiff alleges that he did not speed or otherwise break any traffic laws.  Id. at 6D, 6E.  Plaintiff alleges that the officer who stopped him explained that he received a 911-dispatch call regarding a four-door, blue Honda Accord with no rear license plate and, therefore, stopped Plaintiff's car.  Id. at 6G.  Plaintiff notes that his two-door Honda Accord is green and had a State of Pennsylvania rear license plate.  Id.

Plaintiff did not have his driver's license with him, and when the officer performed a warrant check, central dispatch reported that outstanding warrants existed on Plaintiff's record.  Id. at 6H.  Plaintiff was arrested and brought to the Willingboro Township Police Department for booking.  Id. at 6I.  Plaintiff was issued a ticket for operating a motor vehicle on an expired driver's license.  Id.  Plaintiff claims the officer falsified the summons to show the car as being blue instead of green.  Id.

Plaintiff alleges that there was no 911-dispatch call to be on the lookout for a blue Honda Accord, and that the

3

officer merely invented this pretext to cover up for a stop based on racial profiling. Id. at 6J. Plaintiff brings this suit against the municipality, the municipal police department, the township manager, the director of public safety, the police captain, and the municipal police officer involved in the stop. Id. at 4A-G.

As to Defendants other than the police officer, Plaintiff alleges that Defendants have a policy of racial profiling and racial discrimination and that they "failed to order officer involved to attend a interview and hearing to avoid a conflict of interest," without clarifying what he means by that. Id. at 4A-E; 6L.

Plaintiff characterizes his claim as a claim pursuant to 42 U.S.C. § 1983 for violation of his First, Fourth, and Fourteenth Amendment rights. Id. at 6N, 6O.

### III. DISCUSSION

#### A. Standard of Review

This Court is directed under § 1915(e)(2) to dismiss, at the earliest practicable time, in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404

U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions.  Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). In addition, where a plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).  The Court is not required, however, to accept "bald assertions" or "legal conclusions" pleaded in a pro se complaint.  Morse v. Lower Merion School Dist., 132 F.3d 902, 306 (3d Cir. 1997).

5

Pursuant to Rule 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Ericson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, "a formulaic recitation of the elements of a cause of action will not do." Id.; see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Thus, a complaint may not survive dismissal where it lacks sufficient factual matter, accepted as true, to plausibly allege a cause of action. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

However, where a complaint subject to dismissal can be remedied by amendment, plaintiffs should receive leave to amend unless such amendment would be futile or prejudicial. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir.

6

2002) (holding that "§ 1915(e)(2) did not alter our preexisting rule that in forma pauperis plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile.").

### B. Respondeat Superior and Municipal Liability

Local government units and supervisors are not liable under § 1983 solely based on their supervisory role. See Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003); see also Iqbal, 129 S.Ct. at 1949 (2009). Rather, liability requires the defendant to have personally directed the wrongful conduct, or have actual knowledge and acquiesced in the alleged wrongs. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff, apparently aware of this limitation, contends that Defendants other than the officer making the stop are liable because of a municipal policy of racial profiling. To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). A custom is an act "that has not been formally

7

approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law."  <u>Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 404 (1997).  A policymaker may be liable when "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'" <u>Natale</u>, 318 F.3d at 584 (footnote and citations omitted).

 Here, Plaintiff's allegations regarding municipal liability or the liability of superior officers are entirely conclusory.  Plaintiff has failed to allege any facts (as distinct from general legal phrases or legal conclusions) that suggest that the circumstances surrounding his stop were the result of an official policy or acquiescence in a well-settled custom, or that the conduct of Officer Perez was ordered by, or even known to any of the other Defendants.  Indeed, the only concrete facts alleged by Plaintiff undermine his theory, as he alleged that the Department of Public Safety has a policy strictly prohibiting racial profiling.  Accordingly, the

claims against all parties other than Defendant Perez will be dismissed without prejudice.

### C. Liability for Officer Perez

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that the Defendant violated "a right secured by the Constitution and the laws of the United States" while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiff alleges, against Officer Perez, constitutional violations arising under the First, Fourth, and Fourteenth Amendments.

#### 1.  First Amendment claim

Plaintiff first claims that Officer Perez's conduct constituted a suppression of his First Amendment right to free speech.

Plaintiff alleges that his right to free speech was violated when Officer Perez "did not want to hear anything Plaintiff had to say" regarding the validity of the vehicle stop and possible ulterior motives behind the stop. Compl. 6-N.  The Complaint appears to allege a violation on the basis of Officer Perez's failure to listen to or "hear" Plaintiff's arguments.  Plaintiff, however, did not have a constitutionally protected right to demand Officer Perez

9

listen to his concerns about the vehicle stop. <u>See</u> <u>Minnesota State Bd. For Community Colleges v. Knight,</u> 465 U.S. 271, 283 (1984) (holding that plaintiffs had "no constitutional right to force the government to listen to their views."). Indeed, "the First Amendment does not impose any affirmative obligation on the government to listen" or respond to one's exercise of First Amendment rights. <u>Smith v. Arkansas State Highway Emp., Local 1315</u>, 441 U.S. 463, 465 (1979).

Consequently, because Plaintiff has not pleaded facts showing that Officer Perez's actions deprived him of a constitutionally protected First Amendment right, Plaintiff's First Amendment claim fails.

### 2. Fourth Amendment claim

In addition to the First Amendment claim, Plaintiff also alleges a Fourth Amendment violation arising out of Officer Perez's stop of Plaintiff's vehicle.

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. CONST. amend. IV. The traffic stop of an automobile is "subject to the constitutional imperative that it not be 'unreasonable' under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." <u>Whren v. United States,</u> 517 U.S. 806, 808

(1996).  Further, the Fourth Amendment permits an investigatory stop by an officer pursuant to Terry v. Ohio, 392 U.S. 1 (1968) if the officer "has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000).

In this case, the Complaint alleges sufficient facts to support a claim that the traffic stop was constitutionally impermissible.  Plaintiff claims that the stop was unreasonable, and therefore violative of the Fourth Amendment, because Officer Perez had neither probable cause nor reasonable suspicion to believe a traffic infraction or other violation had occurred. Indeed, Plaintiff alleges the officer's explanation for the stop, that he had received a 911-dispatch call regarding a four-door, blue Honda Accord, was pretextual.  Compl. at 6J.  In reality, Plaintiff claims, there was no dispatch call to be on the lookout for a blue Honda Accord.  Id.

Even if the 911-dispatch call were real, Plaintiff alleges that his vehicle, a green, two-door Honda Accord with Pennsylvania license plates, did not match the description of the blue, four-door Honda Accord with no rear license plate apparently provided by the call.  Id. at 6G.

Without more information regarding the 911 dispatch, it is not clear that the officer had reasonable suspicion.

11

Consequently, the Complaint sufficiently pleads that Officer Perez had neither probable cause to believe a traffic violation had occurred nor reasonable suspicion that Plaintiff was engaged in criminal activity, making the stopping of the vehicle unreasonable under the Fourth Amendment.

### 3. Fourteenth Amendment claim

Plaintiff alleges that the true reason behind Officer Perez's traffic stop, racial profiling, violates Plaintiff's right to equal protection under the Fourteenth Amendment.

In order to bring an equal protection claim based on racial profiling under 42 U.S.C. 1983, Plaintiff must show that the officer's conduct (1) had a discriminatory effect and (2) was motivated by a discriminatory purpose. Bradley v. U.S., 299 F.3d 197, 205-06 (3d Cir. 2002). To demonstrate a discriminatory effect, Plaintiff must prove that he "is a member of a protected class and that [he] was treated differently from similarly situated individuals in an unprotected class." Id. at 206.

As an African-American, Plaintiff is a member of a protected class. See, e.g., Waiters v. Hudson County Correctional Center, Civ. No. 07-421, 2010 WL 1838468, at *4 (D.N.J. May 05, 2010)(holding that because the plaintiff was of African-American descent, she was a "member of a

12

protected class by virtue of her race and of her ancestry"). However, mere invocation of the phrase "racial profiling" without more, is simply a legal conclusion, not a factual basis for a claim. The Court must disregard such legal conclusions and examine any facts alleged by Plaintiff that would form a plausible factual basis for that conclusion. Iqbal, 129 S. Ct. at 1949. The only relevant factual allegations made by Plaintiff are that he is black and he was stopped for an allegedly pretextual reason. Without more, this is an insufficient factual basis for the claim, because there is nothing in the pleadings to suggest that similarly-situated white drivers are not subject to improper investigative stops, or that this particular improper stop was a result of racial targeting instead of, say, the tinted windows or out-of-state plates on the car. See, e.g., Pace Resources, Inc. v. Shrewsbury Tp., 808 F.2d 1023, 1026 (3d Cir. 1987) (holding that conclusory allegations regarding similarly-situated individuals are insufficient to state a claim); Fisher v. Vassar College, 70 F.3d 1420, 1439 (2d Cir. 1995) (noting that a plaintiff's "sense of being discriminated against" is insufficient to demonstrate discrimination).

Hence, upon preliminary screening, the Court finds that the Complaint states a claim under the Fourth Amendment sufficient to survive this initial screening, but

13

that Plaintiff's First and Fourteenth Amendment allegations are insufficient and will be dismissed without prejudice.

**IV.   CONCLUSION**

For the reasons set forth above, the claims against the Township of Willingboro, the Township of Willingboro Police Department, the Township Manager, Joanne Jennings, the Township Director of Public Safety, Gregory Rucker, and the Township Police Captain, Donna C. Demetri, are dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

The Complaint does, however, state a Fourth Amendment claim against Officer Jeffrey Perez sufficient to survive this screening, and the Court will thus order the Complaint to be served upon Officer Perez.

The accompanying Order will be entered.

|   |   |
|---|---|
| **July 26, 2011** | **s/ Jerome B. Simandle** |
| Date | Jerome B. Simandle |
|      | U.S. District Judge |

14